**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION**

| | | |
|---|---|---|
| **JOHN ROSAS, III, SAUL AGUILAR, ROLANDO FLORES, JOSE ROGELIO GARZA and JEREMY MARTINEZ** | §<br>§<br>§<br>§ | |
| | § | **CIVIL ACTION NO. _____** |
| **v.** | §<br>§ | **(JURY DEMANDED)** |
| **HIDALGO COUNTY, MALIK JOHN LEE, ALAN OMAR JALOMO and JESUS MUNOZ, JR.** | §<br>§<br>§ | |

## PLAINTIFFS' COMPLAINT & DEMAND FOR JURY TRIAL

### - Introduction -

1.01    This is a excessive force action for money damages brought by detainees **JOHN ROSAS, III, SAUL AGUILAR, ROLANDO FLORES, JOSE ROGELIO GARZA** and **JEREMY MARTINEZ** arising from violations of their federal civil rights committed by the named Defendants.

### I.  PARTIES

2.01    Plaintiff, John Rosas, III, resides in Pharr, Hidalgo County, Texas.

2.02    Plaintiff, Saul Aguilar, is a resident of Hidalgo County, Texas.

2.03    Plaintiff, Rolando Flores, resides in Pharr, Hidalgo County, Texas.

2.04    Plaintiff, Jose Rogelio Garza, resides in Pharr, Hidalgo County, Texas.

2.05    Plaintiff, Jeremy Martinez, resides in Edinburg, Hidalgo County, Texas.

2.06    Defendant, Hidalgo County, is a duly incorporated and political subdivision of the State of Texas, and is capable of being sued in this Court.  Defendant, Hidalgo County, is responsible for the policies, practices, and customs of its Sheriff's department, as well as the hiring, training, supervision, control and discipline of its deputies and jailors. Defendant, Hidalgo County, is and was the employer of the personnel named herein as individual Defendants. Defendant, Hidalgo County, can be served at:

**County Judge Richard Cortez**
**100 E. Cano Street, 2nd Floor**
**Edinburg, Texas 78539**

2.07    Defendant, Malik John Lee, was at all times material an employee of Hidalgo County.  Each of the acts complained of herein from the conduct of Malik John Lee while acting under color of state law, and was committed during his employment with the Hidalgo County Sheriff's Department.  He is also sued in his individual capacity. Defendant can be served at:

**Malik John Lee**
**8325 N. 33rd Lane**
**McAllen, Texas 78504**

2.08    Defendant, Alan Omar Jalomo, was at all times material an employee of Hidalgo County.  Each of the acts complained of herein from the conduct of Alan Omar Jalomo while acting under color of state law, and was committed during his employment with the Hidalgo County Sheriff's Department.  He is also sued in his individual capacity. Defendant can be served at:

**Alan Omar Jalomo**
**904 E. Mavi Drive**
**Pharr, Texas 78577**

---

2.09   Defendant, Jesus Munoz, Jr. was at all times material an employee of Hidalgo County.  Each of the acts complained of herein from the conduct of Jesus Munoz while acting under color of state law, and was committed during his employment with the Hidalgo County Sheriff's Department.   He is also sued in his individual capacity. Defendant can be served at:

**Jesus Munoz, Jr.**
**2405 Deion Drive**
**San Juan, Texas 78589**

### III. JURISDICTION & VENUE

3.01   Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (3), the Court has original, federal question jurisdiction over Plaintiffs' 42 U.S.C § 1983 claims against Defendants. This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear state claims set forth in this Complaint.

3.02   Venue is proper in this district because it is a district in which a substantial part or the events or omissions giving rise to the claims occurred. See 28 U.S.C.§ 1391(b).

### IV.  BACKGROUND

4.01 At all times material, Plaintiffs were detainees in the custody of the Hidalgo County Sheriff's Department (i.e. Hidalgo County)

4.02 At all times material, the individually and officially named Defendants ("Defendant Lee, Defendant Jalomo and Defendant Munoz) were employed as deputies by Hidalgo County.

4.03   On or about early January 2024, Plaintiffs, Rolando Flores, Jeremy Martinez, John Rosas were subjected to taunts and unjustified abuse by Defendant Lee.

---

4.04   Specifically, on or about early January 11, 2024, Defendant Lee physically assaulted Plaintiff, Rolando Flores in the ribs during a routine interview.  Plaintiff Flores sustained physical injuries and experienced pain and suffering.

4.05   At the time Defendant Lee assaulted Plaintiff Flores, Plaintiff Flores was not combative.

4.06   At the time Defendant Lee assaulted Plaintiff Flores, Plaintiff Flores was cooperating.

4.07   At the time Defendant Lee assaulted Plaintiff Flores, Plaintiff Flores was not resisting.

4.08   Defendant Lee admitted to his supervisors his unwarranted physical abuse of Plaintiff Flores.

4.09   In early January 2024, Plaintiffs Martinez and Rosas were subjected to taunts and unjustified physical abuse by Defendant Jalomo.  Plaintiff's, Martinez and Rosas sustained physical injuries and experienced pain and suffering.

4.10   At the time Defendant Jalomo assaulted Plaintiff Martinez, Plaintiff Martinez was not combative.

4.11   At the time Defendant Jalomo assaulted Plaintiff Martinez, Plaintiff Martinez  was cooperating.

4.12   At the time Defendant Jalomo assaulted Plaintiff Martinez, Plaintiff Martinez  was not resisting.

4.13    Defendant Jalomo admitted to his supervisors his unwarranted physical abuse of Plaintiff Martinez.

4.14    At the time Defendant Jalomo assaulted Plaintiff Rosas, Plaintiff Rosas was not combative.

4.15    At the time Defendant Jalomo assaulted Plaintiff Rosas, Plaintiff Rosas was cooperating.

4.16    At the time Defendant Jalomo assaulted Plaintiff Rosas, Plaintiff Martinez was not resisting.

4.17    Defendant Jalomo admitted to his supervisors his unwarranted physical abuse of Plaintiff Rosas.

4.18    On or about early January 2024, Plaintiff, Saul Aguilar, was subjected to taunts and unjustified physical abuse by Defendants Lee, Jalomo and Munoz.  Plaintiff, Aguliar sustained physical injuries and experienced pain and suffering.

4.19    Specifically, Defendants Lee, Jalomo and Munoz physically assaulted Plaintiff, Aguilar.

4.20    At the time Defendants Lee, Jalomo and Munoz assaulted Plaintiff Aguilar, Plaintiff Aguilar was not combative.

4.21    At the time Defendants Lee, Jalomo and Munoz assaulted Plaintiff Aguilar, Plaintiff Flores was cooperating.

4.22    At the time Defendant Lee, Jalomo and Munoz assaulted Plaintiff Aguilar, Plaintiff Flores was not resisting.

4.23    Defendant Lee admitted to his supervisors his unwarranted physical abuse of Plaintiff Aguilar.

4.24    Defendant Jalomo admitted to his supervisors his unwarranted physical abuse of Plaintiff Aguilar.

4.25    Defendant Munoz admitted to his supervisors his unwarranted physical abuse of Plaintiff Aguilar.

4.26    On or about early January 2024, Plaintiff, Jose Rogelio Garza was subjected to taunts and unjustified abuse by Defendants Lee, Jalomo and Munoz.  Plaintiff Garza sustained physical injuries and experienced pain and suffering.

4.27    Specifically, Defendants Lee, Jalomo and Munoz physically assaulted Plaintiff, Jose Rogelio Garza.

4.28    At the time Defendants Lee, Jalomo and Munoz assaulted Plaintiff Jose Rogelio Garza, Plaintiff Garza was not combative.

4.29    At the time Defendants Lee, Jalomo and Munoz assaulted Plaintiff Jose Rogelio Garza, Plaintiff Garza was cooperating.

4.30    At the time Defendants Lee, Jalomo and Munoz assaulted Plaintiff Jose Rogelio Garza, Plaintiff Garza was not resisting.

4.31    Defendant Lee admitted to his supervisors his unwarranted physical abuse of Plaintiff Jose Rogelio Garza.

4.32    Defendant Jalomo admitted to his supervisors his unwarranted physical abuse of Plaintiff Jose Rogelio Garza.

4.33   Defendant Munoz admitted to his supervisors his unwarranted physical abuse of Plaintiff Jose Rogelio Garza.

4.34   Some the abuse allegations were covered by local media at or near the time of the events.

## V. LIABILITY OF DEFENDANTS UNDER 42 U.S.C § 1983

5.01   Plaintiffs incorporate by reference the factual allegations contained in Section IV above.

5.02   Defendants violated the clearly-established constitutional rights of Plaintiffs Rosas, Aguilar, Flores, Garza and Martinez. As a result of the regulation, custom or usage by Defendant Hidalgo County's deputies (Lee, Jalomo and Munoz), Defendant Hidalgo County subjected or caused to be subjected Plaintiffs to the deprivation of their right to be free.

## VI. CLAIM FOR RELIEF - - §1983

6.01   The allegations set forth in this complaint are herein incorporated be reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

6.02   **Section 1983**.  The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state of territory or the **District of Columbia,** subjects, or causes to be subjected, any citizen of the United States of any person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. §

1983.

6.03    42 U.S.C 21 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.   As such, Plaintiffs allege that Defendants, jointly and/or severally deprived them of their Fourth Amendment Rights and those rights, privileges, and immunities secured by the Fourth Amendment to the Constitution incorporated and applied to the states through the Fourteenth Amendment.   Defendants violated this provision by the following actions or omissions:

a)    by using excessive force and/or deadly force upon Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable;

b)    by failing to intervene, where such intervention would have prevented the injuries of Plaintiff.

6.04    **§ 1983 - Municipal liability.** It is also well-established that counties are liable under 42 U.S.C. § 1983 for constitutional torts that are in compliance with the County's customs, practices, policies or procedures. A County is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels. In this case, Defendant County is liable because it sanctioned the custom, practice and/or policy or procedure of illegal seizures, excessive force. The individual Defendants' actions were a customary practice and/or policy or procedure that was sanctioned by Defendant County out of which deprived Plaintiffs of their civil rights by statute and by both the Texas and United States Constitutions. Liability for Defendant County is

established under § 1983 because the assault, beating, and severe injury to citizens, with little or no justification or in retaliation for exercising the right to First Amendment speech, is a persistent, widespread practice of County employees -- namely officers/deputies -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official County policy. Defendant County's actual or constructive knowledge of this practice, custom, and/or policy or procedure and of numerous prior incidents of police officers using excessive force upon citizens establishes custom and accession to that custom by the their policy makers. Defendant County's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In the alternative, Defendant County is liable under § 1983 for failure to adopt a policy precluding officers from beating/assaulting citizens because such failure to adopt such a policy is one of intentional choice. Additionally, County is liable because its failure to train the individually-named Defendants is a customary practice and/or policy or procedure that was sanctioned and/or tacitly followed by County.

### VII. SECOND CLAIM FOR RELIEF - Texas - Assault & Battery

7.01   The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Any reference to "Defendants" in this section only applies to the Individual Defendants and does not include Defendant County.

7.02   As a pendent state cause of action, at all times material and relevant herein, the Individual Defendants, by acts and/or omissions and under color of state law did then and there by acts/and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Plaintiff through un-consented physical contact with him.

7.03   Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiffs allege that the Individual Defendants committed an assault upon Plaintiffs when they intentionally, knowingly, and/or recklessly caused Plaintiffs' injuries. Said assaultive conduct of the Individual Defendants was committed intentionally, knowingly, and/or recklessly and was the proximate cause of physical and emotional injuries to Plaintiffs. Said injuries were the direct and immediate consequence of the Individual Defendants' wrongful acts and a natural and direct result of the assault.

7.04   At no time were the Individual Defendants privileged to take the action, as force was not necessary. Moreover, the Individual Defendants' assault and battery of Plaintiffs were not objectively reasonable when balancing the amount of force used against the need for the force.

### VIII. DAMAGES

8.01   As a result of Defendants' conduct, Plaintiffs' received painful injuries.  Plaintiffs bring this action for the following damages that they sustained:

     a.     past physical pain and mental anguish;

     b.     past and future physical impairment;

     c.     past and future pain and suffering; and

       d.      reasonable attorney's fees, expert fees and costs of court.

## IX. JURY DEMAND

9.01   Plaintiffs hereby demand a trial by jury.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Mr. Rosas, Mr. Aguilar, Mr. Flores, Mr. Garza and Mr. Martinez, pray that Defendants be cited to appear and answer in this cause, and that upon final trial hereof, Plaintiffs recover judgment against Defendants, for actual and punitive damages in amounts within the jurisdictional limits of this Court, for all damages respectively sustained by them as set forth above together with pre-judgment interest thereon at the maximum legal or equitable rate; for post-judgment interest on the amount of the judgment at the maximum rate allowed by law; for recovery of costs of court and reasonable expert fees; attorney's fees, and for such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

*/s/ Mauro F. Ruiz*

Mauro F. Ruiz
State Bar No. 24007960
Federal ID. 23774
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203
mruiz@mruizlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:
**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203